UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JOHNSON

      Plaintiff,

      v.

GENE SCHNELZ, individually and as an Oakland County Circuit Judge; WENDY POTTS, individually and as an Oakland County Circuit Judge; KEITH SIRLIN, individually and as a Michigan Attorney; OHIO SAVINGS BANK, a Licensed Financial Institution - and an Ohio State Chartered Banking Institution; G. WILLIAM CADDELL, individually and as an Oakland County Clerk Register of Deeds; KEVIN M. OEFFNER, individually and as an Oakland County Court Administrator; PATRICK M. DOHANY, individually and as an Oakland County Treasurer; CHRISTOPHER CONTRERAS, individually and as a Deputy Clerk of Oakland County Circuit Court; THOMAS NOWACEK, individually; LYNDA NOWACEK, individually; ANTON J. VANDERMEER, individually; WANDA KAY VANDERMEER, individually; GREAT LAKES MORTGAGE BROKERS, L.L.C., a Michigan Limited Liability Corporation and Michigan Licensed Financial Lender; SIRLIN REALTY, a Michigan Limited Liability Corporation and Michigan Real Estate Broker; DOUGLAS ROBERTS, individually and in his Official Capacity as Michigan State Treasurer; JANE DOE, Deputy Oakland County Sheriff individually and in her Official Capacity; JAY RISING, individually and in his Official Capacity as Michigan State

Civil No. 04-74930
Hon. John Feikens

Treasurer; REBECCA HUMPHRIES,
individually and in her Official Capacity
as Director, Michigan Department of
Natural Resoures,

        Defendants.

_____/

**OPINION AND ORDER**

Plaintiff's cause of action against Defendants arises out of another court action that Defendants Thomas and Lynda Nowacek filed in the Oakland County Circuit Court to quiet title to a parcel of property. Plaintiff alleges that Defendants inappropriately took Plaintiff's property and in the process violated several of his Constitutional rights. Defendants, the Honorable Gene Schnelz, the Honorable Wendy Potts, Christopher Contreras, G. William Caddell, Patrick Dohany and Kevin Oeffner now move for dismissal or summary judgment. For the reasons below, I GRANT Defendants' motion.

**I.  FACTUAL BACKGROUND**

Defendants bringing the motion are: the Hon. Gene Schnelz, an Oakland County Circuit Court Judge, the Hon. Wendy Potts, an Oakland County Circuit Court Judge, Christopher Contreras, Judge Schnelz's judicial clerk, G. William Caddell, the Oakland County Circuit Court Clerk, Patrick Dohany, the Oakland County Treasurer and Kevin Oeffner, the Court Administrator of Oakland County Circuit Court.[1] (Def.s' Mot. to Dismiss at 10-11; Pl.'s Compl. at 5.)

---

[1] For purposes of clarity I will refer to those Defendants bringing this motion as "the Oakland County Defendants."

2

On January 9, 2004, Defendants Thomas and Lynda Nowacek filed a complaint in the Oakland County Circuit Court against Sensible Heating and Cooling Co. ("Sensible"). (Def.s' Mot. to Dismiss at 3.) The Nowaceks brought their cause of action to clear title on a piece of real estate in Pontiac. (the "Parcel"). Id. at 3.

Oakland County Circuit Court assigned the Nowaceks' case to Judge Schnelz. Id. at 3. On March 27, 2004, Plaintiff Richard Johnson, as the owner of Sensible became involved in the Nowaceks' cause of action. Id. at 3.

On January 21, 2005, the Oakland County Circuit Court rendered an opinion and order, holding that neither Johnson nor Sensible had any interest in the Parcel. Nowacek v. Sensible Heating and Cooling Co., No. 04-055350-CH (Cir. Ct. County of Oakland Jan. 21, 2004).

On December 20, 2004, Plaintiff filed this cause of action.

## II. ANALYSIS

### A. Motion to Dismiss Standard

A party is entitled to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss may be granted under Fed. R. Civ. P. 12(b)(6), "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In reviewing the motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir.2001).

**B. Rooker-Feldman Doctrine**

The Oakland County Defendants argue that this Court lacks subject matter jurisdiction to hear Plaintiff's cause of action because of the Rooker-Feldman doctrine.  (Def.'s Mot. to Dismiss at 8.)  The Rooker-Feldman doctrine "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings."  Peterson Novelties, Inc. v. City of Berkley, 305 F.3d 386, 390 (6th Cir. 2002); citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  In Feldman, the Supreme Court stated that district courts "do not have jurisdiction [...] over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."  460 U.S. at 486.

Elaborating upon the term "inextricably intertwined," the Sixth Circuit held that a federal claim implicates Rooker-Feldman when "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Gilbert v. Ferry, 401 F.3d 411, 416 (6th Cir. 2005).

Plaintiff requests that this Court review the Oakland County Circuit Court's decision to determine the validity of Plaintiff's claims against the Oakland County Defendants.  (Pl.'s Compl. ¶¶ 38, 41, 45.)  Plaintiff requests that this Court review the state court's decision to determine whether the Oakland County Defendants violated federal law in determining that Plaintiff had no interest in the Parcel.  (Pl.'s Compl. ¶¶ 38, 41.)  Furthermore, Plaintiff requests that this Court review the state court's decision to determine whether Oakland County

4

Defendants Schenlz and Contreras "'Judicially Intimidate' Harass' and 'Humiliate[d]' [sic]" Plaintiff. Id. ¶ 45.

Undoubtedly, Plaintiff's claims are inextricably intertwined with the Oakland County Circuit Court's decisions as Plaintiff's claims are all based on that court's hearings and subsequent decision. (Pl.'s Compl. ¶¶ 38, 41, 45.) Plaintiff improperly appeals the state court decision to this forum, as opposed to properly pursuing a remedy in the Michigan Court of Appeals. Plaintiff could have sought an appeal of the Oakland County Circuit Court's decision in the state court system, however, his recourse does not lie with this Court.

Therefore, I hold that this Court lacks jurisdiction over Plaintiff's claims as they relate to the Oakland County Defendants because of the Rooker-Feldman doctrine.[2]

## III. CONCLUSION

I GRANT the Oakland County Defendants' motion to dismiss Plaintiff's claims against those Defendants.

---

[2] I note two other independent grounds on which Plaintiff's claims against some or all of the Oakland County Defendants would not be heard in this Court even if I were to conclude that the Rooker-Feldman doctrine did not divest this Court of jurisdiction.

Under the Younger abstention doctrine, a district court may abstain from hearing Plaintiff's cause of action against the Oakland County Defendants. Under this doctrine, for reasons of comity, a federal court should abstain from hearing a matter that is properly before it in deference to ongoing state court civil proceedings. Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 10-11 (1987); Gilbert, 401 F.3d at 419. That abstention depends on the Oakland County Defendants' demonstration that: (i) the underlying proceedings constitute an ongoing judicial proceeding; (ii) the proceedings implicate important state interests; and (iii) there is an adequate opportunity in the state proceedings for Plaintiff to raise a constitutional challenge. (Def.s' Mot. to Dismiss at 9; see Gilbert, 401 F.3d at 419.) Defendants have demonstrated all these factors.

Furthermore, the doctrine of judicial and quasi-judicial immunity act to bar Plaintiff's claims against Defendants Schnelz, Potts and Contreras. Cooper v. Parrish, 203 F.3d 937, 944 (6th Cir. 2000); Bush v. Rausch, 38 F.3d 842, 847 (6th Cir. 1994).

**IT IS SO ORDERED.**

                                              s/ John Feikens
                                              John Feikens
                                              United States District Judge

Date:  May 26, 2005

---

PROOF OF SERVICE

I hereby certify that a copy of the foregoing Opinion and Order was served on the attorneys and/or parties of record on May 26, 2005, by electronic means or first class U.S. Mail.

                              s/Carol Cohron
                              Case Manager
                              Honorable John Feikens