UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JOHNSON

   Plaintiff,

  v.

GENE SCHNELZ, individually and as an Oakland County Circuit Judge; WENDY POTTS, individually and as an Oakland County Circuit Judge; KEITH SIRLIN, individually and as a Michigan Attorney; OHIO SAVINGS BANK, a Licensed Financial Institution - and an Ohio State Chartered Banking Institution; G. WILLIAM CADDELL, individually and as an Oakland County Clerk Register of Deeds; KEVIN M. OEFFNER, individually and as an Oakland County Court Administrator; PATRICK M. DOHANY, individually and as an Oakland County Treasurer; CHRISTOPHER CONTRERAS, individually and as a Deputy Clerk of Oakland County Circuit Court; THOMAS NOWACEK, individually; LYNDA NOWACEK, individually; ANTON J. VANDERMEER, individually; WANDA KAY VANDERMEER, individually; GREAT LAKES MORTGAGE BROKERS, L.L.C., a Michigan Limited Liability Corporation and Michigan Licensed Financial Lender; SIRLIN REALTY, a Michigan Limited Liability Corporation and Michigan Real Estate Broker; DOUGLAS ROBERTS, individually and in his Official Capacity as Michigan State Treasurer; JANE DOE, Deputy Oakland County Sheriff individually and in her Official Capacity; JAY RISING, individually and in his Official Capacity as Michigan State

Civil No. 04-74930
Hon. John Feikens

Treasurer; REBECCA HUMPHRIES,
individually and in her Official Capacity
as Director, Michigan Department of
Natural Resources,

           Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS,
DISMISSING CASE FOR FAILURE TO PROSECUTE**

**I.    Defendants' Motion for Rule 11 Sanctions**

Plaintiff Johnson, *in pro per*, filed a Complaint against 18 Defendants alleging various constitutional and statutory civil rights claims. The underlying factual background is as follows. On January 9, 2004, Defendants Thomas and Lynda Nowacek filed an action to quiet title in Oakland County Circuit Court against Sensible Heating and Cooling Co. ("Sensible"). Nowacek v. Sensible Heating and Cooling Co., No. 04-055350-CH (Oakland County Cir. Ct. Jan. 21, 2004).[1] The subject of the quiet title action was a parcel of real estate in Pontiac (the "Property"), which the Nowaceks had bought at a tax sale. (Def.'s Mot. for Sanctions at 1.) The Nowaceks' case was assigned to Oakland County Circuit Judge Gene Schnelz. Id. In March 2004, Plaintiff Johnson, owner of Sensible, became involved in the Nowaceks' lawsuit as a defendant *in pro per*. Id.

While the state court action was still pending in December 2004, Plaintiff Johnson, *in pro per*, filed a Complaint in this Court against the presiding Oakland County Judge Gene Schnelz,

---

[1] The Opinion and Order is date-stamped January 21, 2004. However, Defendants assert that it was issued on January 21, 2005. (Defs.' Mot. for Sanctions at 2.) It seems January 21, 2005 is the correct date based on transcripts of the state court proceedings that are dated June, September, and November 2004. (See Compl. attachments.) Plaintiff's Complaint indicates that a bench trial was to begin on December 20, 2004. (Compl. ¶ 33.) In future citations to this Opinion and Order, the January 21, 2005 date will be used.

as well as 17 other defendants ostensibly connected to the state court proceedings.  Plaintiff's Complaint asserts constitutional violations (due process, takings, unlawful detention) and civil rights violations (42 U.S.C. §§ 1981 - 1983).  In January 2005, Judge Schnelz issued an Opinion and Order, holding that neither Plaintiff Johnson nor Sensible had any property interest in the Property.  Nowacek, at 7.

Defendants Schnelz, Potts, Caddell, Oeffner, Dohany, and Contreras (collectively the "Oakland County Defendants") filed a Motion to Dismiss, which this Court granted based on the Rooker-Feldman doctrine.  (See Opinion and Order, May 26, 2005, Docket # 27.)  The Oakland County Defendants also filed a Motion for Rule 11 sanctions against Plaintiff Johnson.  In deciding this motion, Plaintiff's behavior during the state court proceedings before Judge Schnelz is worth noting.

In his Opinion and Order, Judge Schnelz writes that Plaintiff filed numerous pleadings that were "bizarre and untrue" and "paranoid and vicious."  Nowacek, at 1-2.  Plaintiff's pleadings "served no purpose other than to create additional work for [opposing counsel] and work for the Court."  Id. at 2.  Plaintiff refused to follow Judge Schnelz's orders and arrived late for hearings in court.  Id. at 2-3.  He sought to subpoena Judge Schnelz and other court personnel as trial witnesses.  Id. at 3.  Plaintiff's Complaint admits he was held in contempt of court by Judge Schnelz and arrested.  (Compl. ¶ 45.)  Most egregiously, Plaintiff repeatedly asked Judge Schnelz to recuse himself because Plaintiff was convinced Judge Schnelz was a "German Jew" and opposing counsel, Keith Sirlin, was also Jewish.  Nowacek, at 2.  Judge Schnelz warned Plaintiff that such remarks bordered on ethnic intimidation.  Id.  Similarly in the present case,

Plaintiff's Complaint makes reference to Judge Schnelz's "German-Jewish ancestry," and Defendant Sirlin's "German ancestry." (Compl. ¶ ¶ 4, 9.)[2]

Fed. R. Civ. P. 11(b) imposes an affirmative duty upon any person who files a pleading, motion, or other paper with the court to make a reasonable inquiry into the allegations made therein. A district court has discretion to award Rule 11 sanctions when (1) a party presents pleadings, motions, or papers for an improper purpose; (2) the claims, defenses, and other legal contentions are not warranted by existing law or a nonfrivolous argument for change in the law; or (3) the allegations and denials of factual contentions lack evidentiary support. Elfelt v. United States, 149 Fed. Appx. 402, 409-10 (6th Cir. 2005). "Pro se litigants must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law." Stevens v. Mooney, 1996 U.S. App. LEXIS 8008, *4 (6th Cir. Mar. 20, 1996); see Spurlock v. Demby, 1995 U.S. App. LEXIS 4321, *6 (6th Cir. Mar. 2, 1995) .

The above-cited factors weigh in favor of Rule 11 sanctions in this case. First, it seems Plaintiff had an improper purpose in bringing this lawsuit against Judge Schnelz and the other Oakland County Defendants. Based on the timing of this lawsuit and Plaintiff's obstreperous behavior in state court, it is reasonable to infer that Plaintiff brought this case in part to intimidate and harass Judge Schnelz while his case was still pending before Judge Schnelz in state court. Plaintiff filed this Complaint on December 20, 2004, the day on which he claims his bench trial was scheduled to begin before Judge Schnelz. (Compl. ¶ 33.) Plaintiff accuses Judge Schnelz of "abusive judicial action," "judicial racketeering," and describes the trial as "merely a

---

[2] Plaintiff persists in these delusions even after being told by Judge Schnelz that "[t]he Court happens to be Lutheran . . . ." Nowacek, at 2.

4

sham trial being conducted to pretend that the Oakland County Circuit Court is a fair judicial forum . . . ."  (Compl. ¶¶ 5, 33.)  Plaintiff repeatedly claimed a conspiracy existed between Judge Schnelz and opposing counsel, Defendant Sirlin, based on what Plaintiff believed was their shared Jewish ancestry.  Nowacek, at 2.  In his present Complaint, Plaintiff makes similar references to the "German-Jewish" ancestry of Defendants Sirlin and Schnelz.  (Compl. ¶¶ 4, 9.)  Clearly Plaintiff was dissatisfied with Judge Schnelz and sought to have this Court somehow nullify the state court proceedings.

Additionally, Plaintiff's conduct in the present case further demonstrates his lack of sincerity in pursuing these claims against the Oakland County Defendants.  Plaintiff filed his Complaint in December 2004 and has filed nothing with this Court since then.  He failed to respond to the Oakland County Defendants' Motion to Dismiss and Motion for Rule 11 Sanctions, both filed in March 2005.  He did not respond to Defendant Ohio Savings Bank's Motion to Dismiss filed in October 2005.  Most recently, he failed to respond to this Court's Order to Show Cause entered in December 2005.  After more than one year of inactivity on Plaintiff's part, it is clear Plaintiff no longer has any interest in pursuing this lawsuit (and perhaps never intended to pursue it).  His actions call in to question his motives in bringing this case against Judge Schnelz and the other Oakland County Defendants.

Second, Plaintiff has not made a reasonable inquiry into whether his Complaint is well-grounded in fact, as evidenced by the lack of factual support for his legal claims.  For example, Plaintiff claims that Judge Schnelz "has intentionally engaged in willful violations of the 1st, 4th, 5th, 8th, 13th and 14th Amendments to the U.S. Constitution," but he does not describe any of the violations that he thinks occurred.  (Compl. ¶ 5.)  Plaintiff asserts that he was unlawfully

detained without probable cause when Judge Schnelz held him in contempt of court, but fails to describe the circumstances of his detention or explain why he thinks probable cause was lacking. (Compl. ¶¶ 5, 45.)  Plaintiff claims the following Defendants utilized private action under color of state law to violate his rights under the Constitution and 42 U.S.C. §§ 1981, 1982: Anton and Wanda Vandermeer; Great Lakes Mortgage Brokers, LLC; and Sirlin Realty.  (Compl. ¶ 39, Count II.)  Not only has Plaintiff failed to make any factual contentions supporting those claims, he has not even explained who those Defendants are and how they are connected to this lawsuit. Ohio Savings Bank is named as a Defendant, but no claims are asserted against it, and it is only mentioned once in the Complaint in a paragraph listing its address.  (Compl. ¶ 10.)

  The pleadings of *pro se* litigants are held to a lesser standard than those drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, *pro se* litigants are required to comply with Rule 11 and make a reasonable inquiry as to the factual and legal bases for their claims.  Stevens, 1996 U.S. App. LEXIS at *4.  The dearth of factual support and the sweeping nature of Plaintiff's legal claims leads this Court to believe Plaintiff failed to consider whether any factual basis existed for his claims.

  Rule 11 sanctions may include an award of the movant's reasonable attorney's fees and costs.  Fed. R. Civ. P. 11(c)(2).  Rule 11's purpose is to deter the filing of frivolous and baseless lawsuits, and in the present case, this purpose is best served by awarding attorney's fees and costs to the Oakland County Defendants.  See Lemaster v. United States, 891 F.2d 115, 122 (6th Cir. 1989) (the purpose of Rule 11 is to deter groundless lawsuits).  The Oakland County Defendants submitted an affidavit showing fees and costs in the amount of $1,347.50, based on an hourly rate of $53.90 and 25 hours of time spent on this case, which this Court finds to be a

reasonable amount of fees. (Lerminiaux Aff. ¶ 11.) The Oakland County Defendants' Motion for Rule 11 Sanctions is GRANTED. Plaintiff is ORDERED to pay the Oakland County Defendants' reasonable attorney's fees and costs in the amount of $1,347.50.

## II.     Dismissal for Failure to Prosecute

On December 1, 2005, this Court entered an order requiring Plaintiff Johnson to show cause as to why his case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.2. (Order to Show Cause, Dec. 1, 2005, Docket #30.) That order stated that Plaintiff's case would be dismissed with prejudice for failure to show cause. Nearly three months have passed, and Plaintiff has not made any response (written or otherwise) to this Court's order to show cause. In accordance with this Court's order of December 1, 2005, Plaintiff's case is DISMISSED with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Date:     February 24, 2006                          s/John Feikens

United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on February 24, 2006, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager